# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| OMARY ROCHA, | \* | |
| Executor for the Estate of | \* | |
| NESTOR ROCHA, | \* | |
| | \* | No. 16-241V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | |
| | \* | Issued: November 19, 2024 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner;
Kimberly S. Davey, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS[1]**

The petitioner, Omary Rocha, alleged that the influenza vaccine administered to her late husband, Nestor Rocha, on October 18, 2013, caused him to suffer from vasculitis and other related complications that resulted in his death. She did not receive compensation. Entitlement Decision, 2024 WL 752787 (Feb. 1, 2024).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

As permitted by the Vaccine Act, she seeks an award of attorneys' fees and costs totaling $7,150.20.  Pet'r's Mot., filed Mar. 7, 2024.  She is awarded the amount requested.

\*    \*    \*

Ms. Rocha has previously been awarded attorneys' fees and costs on an interim basis.  The February 2, 2024 decision recounts the procedural history, leading to that award in detail.  2024 WL 773795.

The pending motion for attorneys' fees and costs seeks an award for activities to wrap up the case.  For example, Ms. Rocha's attorney (Mr. Gage) spent time reviewing the February 1, 2024 Decision Denying Entitlement, reviewing the February 2, 2024 Decision Awarding Attorneys' Fees and Costs on an Interim Basis, and considering whether to file a motion for review.  These activities are reasonable.

The Secretary did not interpose any objection.  Resp't's Resp., filed May 28, 2024.  The lack of objection factors into an evaluation of the reasonableness of the Ms. Rocha's request.  Vaccine Rule 13(a)(3).

Ms. Rocha's request is reasonable both in terms of the proposed hourly rates and the proposed number of hours.  She is awarded $7,150.20.

\*    \*    \*

Accordingly, petitioner is awarded:

**A lump sum of $7,150.20 in the form of a check made payable to petitioner and petitioner's attorney, Richard Gage.**

This amount represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

2